**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**
**THIRD DIVISION**

Karl Darge and Caryl Darge.,

Plaintiffs,

v.

Deere and Company, Inc.,

Defendant.

Civil No. 01-1759 JEL/AJB

**ORDER ON MOTIONS TO COMPEL DISCOVERY**

This matter is before the Court, Magistrate Judge Arthur J. Boylan, on defendant's motion to compel disclosures relating to expert witnesses [Docket No. 9] and plaintiffs' motion to compel discovery [Docket No. 15]. Hearing was held on June 27, 2002, at the U.S. Courthouse, 316 No. Robert St., St. Paul MN 55101. Stanley E. Karon, Esq., appeared on behalf of the plaintiffs. John J. Wackman, Esq., and Richard J. Nygard, Esq., appeared on behalf of the defendant.

Based upon the file and documents contained therein, along with memorandums, affidavits and arguments of counsel, **IT IS HEREBY ORDERED** that:

1. Defendant's motion to compel disclosure of expert identities is **denied**. [Docket No. 9]. Pursuant to the pretrial scheduling order in this case plaintiff is not required to disclose experts before December 1, 2002, and defendant provides no compelling justification for earlier expert disclosures or for disclosure of consulting experts, under the circumstances of this case.

JUL 02 2002
FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

2. Plaintiff's motion to compel discovery is **granted** as further provided herein. [Docket No. 15].

3. Defendant shall fully respond to plaintiffs' Interrogatory No. 8(e) dated December 10, 2001, seeking information relating to industry trade association membership. To the extent that employee inquiries and document search has already been conducted, defendant shall certify by affidavit that such inquiries and searches have been made, therein generally describing the nature of the document search and employee inquiries that were conducted.

4. Pursuant to plaintiffs' Interrogatory No. 9 dated December 10, 2001, defendant shall provide data regarding prior claims involving braking of lawn and garden tractors for a period of ten years prior to August 6, 1999, and with respect to 24 designated models.

5. Pursuant to plaintiffs' Interrogatory No. 6 dated January 22, 2002, defendant shall provide field test reports and test logs of the Model 445 lawn and garden tractor in which the tests involve stopping, difficulty of stopping, or the basic operation of the machine. To the extent that defendant asserts that a search for pertinent documents has already been conducted, defendant shall certify by affidavit that an appropriate and thorough search has been made, therein generally describing the nature of search that was conducted.

6. Pursuant to plaintiffs' Interrogatory No. 1(b) dated March 25, 2002, defendant shall provide information relating to the braking system and testing involving stopping and brake engineering on the Model 445 Series. Defendant shall produce writings, studies and analysis which led to the design of the braking system on the Model 445 Series lawn and garden tractors, including correspondence and communications between the field and home office and between any home office personnel and engineering staff with regard to changes or differences in the

design and configuration of stopping and braking systems in the Model 445 Series as compared to the X-Series lawn and garden tractors.

Dated: 7/2/02

Arthur J. Boylan
United States Magistrate Judge